UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>JOSE MENDEZ,<br><br>               Defendant. | Case No.:  18-cr-3980-03-WQH<br><br>**ORDER** |

HAYES, Judge,

The matter before the Court is the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("Motion for Compassionate Release," ECF No. 233) filed by Defendant Jose Mendez.

**BACKGROUND**

On May 16, 2019, Defendant pleaded guilty to one count of Conspiracy to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841 and 846. (ECF No. 128.)

On August 22, 2019, this Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for a term of 96 months of imprisonment, followed by a four-year term of supervised release. (ECF No. 173.)

On August 2, 2022, Defendant filed the Motion for Compassionate Release, requesting that this Court order a reduction in his sentence pursuant to 18 U.S.C. §

1

3582(c)(1)(A). (ECF No. 233.) Defendant asserts that the following "extraordinary and compelling reasons" exist for his release: (1) he is "the sole available caregiver for his elderly mother"; (2) he is "at a higher risk of complications from COVID-19"; (3) he fits the statutory eligibility criteria for home confinement release but has not yet been released; and (4) he has made "extraordinary post-conviction rehabilitation efforts." *Id*. at 3-7. Defendant also contends that the 18 U.S.C. § 3553(a) factors support his release. *Id*. at 9-11.

On August 29, 2022, Plaintiff United States filed a Response in opposition to the Motion for Compassionate Release. (ECF No. 238.) Plaintiff contends that "no 'extraordinary and compelling' reasons under § 3582(c)(1)(A) justify the extraordinary relief of a sentence reduction," and "the 18 U.S.C. § 3553(a) factors counsel against release because Mendez committed serious drug trafficking crimes involving substantial quantities of methamphetamine and supervised others in these endeavors" and Defendant "has an aggravated criminal history with two prior drug trafficking convictions." *Id*. at 1-2.[1]

### DISCUSSION

"Ordinarily, a federal court may not modify a term of imprisonment once it has been imposed." *United States v. Wright*, 46 F.4th 938, 944 (9th Cir. 2022) (quotations omitted). "Congress created a limited exception to this rule by authorizing courts to grant compassionate release when 'extraordinary and compelling reasons' warrant a reduction in sentence." *Id*. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "As compassionate release derogates from the principle of finality, it is a narrow remedy, and the court's disposition of a compassionate release motion is discretionary, not mandatory." *Id*. at 944-45 (quotations omitted).

"The First Step Act grants courts the discretion to consider compassionate release

---

[1] Plaintiff asserts that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A). *See* ECF No. 238 at 6. The Court finds that Defendant has adequately demonstrated that he exhausted his administrative remedies. *See* ECF No. 233-1 at 4-5.

motions on an individualized basis," although "the exercise of this discretion is controlled by three substantive considerations." *Id*. at 945 (citations omitted). "First, the district court must determine whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)(i)). "Second, the court must evaluate whether a reduction would be 'consistent with applicable policy statements issued by the Sentencing Commission.'" *Id*. (quoting, *inter alia*, 18 U.S.C. § 3582(c)(1)(A)). "Third, the court must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case."[2] *Id*. (quotation omitted). "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds." *Id*. (citation omitted).

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act and addressing a motion for sentence reduction by the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

---

[2] These factors include, among other things: (1) the defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable sentence guidelines; and (6) the need to avoid unwarranted sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a); *see also Wright*, 46 F.4th at 945 n.4.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) the medical condition of the defendant; (B) the age of the defendant; (C) family circumstances involving the defendant's minor child or spouse or registered partner; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 cmt. n.1. "The Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam).

In this case, Defendant first asserts that his release is warranted because he is "the sole available caregiver for his elderly mother." (ECF No. 233 at 3.) Based upon the Sentencing Commission's policy statements, caring for a parent is not the type of family circumstance constituting an "extraordinary and compelling reason" warranting reduction in a sentence. *See* U.S.S.G. § 1B1.13 cmt. n.1(C). Moreover, Defendant bears the "burden to establish his eligibility for compassionate release." *Wright*, 46 F.4th at 951. Defendant fails to support his factual assertions with evidence or details concerning the nature of his mother's health conditions or the nature of the health conditions of his sister, who resides with his mother and who Defendant contends "is unable to offer the … help that Defendant['s] mother needs." (ECF No. 233 at 3.) Without such evidence and additional details, the Court is unable to assess whether Defendant's asserted need to assist his mother constitutes an "extraordinary and compelling reason" warranting release.

Defendant next asserts that he is "at a higher risk of complications from COVID-19" due to "being the age of 48 years-old, [a] former drug user, and ha[ving] a [body mass index] of greater than 25 (5'10" and 205 lbs.)." (ECF No. 233 at 4.) Plaintiff responds by asserting that it has obtained Defendant's medical records from the Bureau of Prisons, which reveal that Defendant has received a complete dose of the Covid-19 vaccine and "do not reveal any extraordinary health issues, such as Type 2 diabetes or a serious heart

condition." (ECF No. 238 at 9-10.) The Sentencing Commission's non-binding policy statement provides that "a serious physical or medical condition" is extraordinary only if the condition "substantially diminishes" a defendant's ability to provide self-care and is a condition from which he "is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). Consistent with this policy statement, "[g]rants of compassionate release based on obesity alone appear to be exceedingly rare." *United States v. Ruiz*, No. 19-CR-1285-GPC, 2021 WL 1085715, at *4 (S.D. Cal. Mar. 22, 2021) (collecting cases); *see also United States v. Ornelas*, No. 19-CR-03295-BAS-2, 2020 WL 6825686, at *3 (S.D. Cal. Nov. 20, 2020) ("[I]f obesity qualified as an extraordinary and compelling reason for a sentence reduction, the vast majority of prisoners would currently be eligible for release."). The Court finds that Defendant has failed to satisfy his burden of showing that the risk of Covid-19 complications posed by his weight, former drug use, and/or age qualifies as an extraordinary and compelling reason for reducing his sentence.

Defendant next asserts that he is eligible for home confinement release under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act, and the Bureau of Prisons' failure to grant him home confinement release constitutes an "abuse of discretion." *Id*. at 6. Whether the Bureau of Prisons abused its discretion is not for the Court to decide. *See* 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). Moreover, "the main objective of the CARES Act is to protect at-risk inmates from the dangers of Covid-19." *United States v. Crisp*, No. 1:11-CR-00026-JLT-1, 2022 WL 3448307, at *9 (E.D. Cal. Aug. 17, 2022). The Court has found that Defendant failed to satisfy his burden of showing that the risk of Covid-19 complications posed by his health conditions qualifies as an extraordinary and compelling reason for reducing his sentence. Similarly, even if the Court were empowered to consider the CARES Act, the Court would find that Defendant has failed to satisfy his burden of showing that his purported eligibility for home confinement release under the provisions of the CARES Act constitutes an extraordinary and compelling reason to grant compassionate release. *See id*. ("[I]t is illogical for the

Court to consider criteria under an Act designed to protect at-risk inmates [from Covid-19 complications] when the Court has already determined Defendant is not one of those inmates…. If the [Bureau of Prisons]' discretionary decision not to transfer an inmate to home confinement under the CARES Act was an extraordinary and compelling reason to grant compassionate release, every inmate denied by the [Bureau of Prisons] would be free to bypass the CARES Act while relying on the same denial as grounds for a different type of relief: compassionate release.").

Defendant finally asserts that his release is warranted because of his "extraordinary post-conviction rehabilitation efforts." (ECF No. 233 at 7.) However, Congress has provided that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" warranting sentence reduction. 28 U.S.C. § 994(t). While this statement was directed toward the Sentencing Commission's promulgation of policy statements, the Court finds it persuasive in this instance. The Court has reviewed the list of educational and work programs completed by Defendant. (ECF No. 23 at 7-8.) Defendant's post-conviction efforts, while commendable, are not sufficient to constitute an extraordinary and compelling reason warranting sentence reduction.

Even if Defendant had shown that extraordinary and compelling reasons warrant a sentence reduction, the Court next "must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to decide whether the requested sentence reduction is warranted under the particular circumstances of the case." *Wright*, 46 F.4th at 945 (quotation omitted). At sentencing, the Court found that a custodial sentence of 96 months was the minimum sentence necessary to satisfy the relevant § 3553(a) factors. Defendant has now served approximately 48 months of that sentence. As outlined in his plea agreement, Defendant was an integral member of the charged methamphetamine distribution conspiracy. (ECF No. 127 at 1-4.) Defendant's extensive criminal history includes state felony convictions for robbery and drug trafficking offenses. (ECF No. 159 at 8-9.) The Court finds that Defendant's personal history and characteristics, the nature and seriousness of his narcotics-related offense, the need to avoid unwarranted sentencing disparities, and the

need for Defendant's sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public all weigh against reducing Defendant's sentence. *See* 18 U.S.C. § 3553(a). For this reason alone, the Motion for Compassionate Release must be denied.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Compassionate Release is denied. (ECF No. 233.)

Dated: October 12, 2022

Hon. William Q. Hayes
United States District Court